UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

KING ISAAC UMOREN,

               Plaintiff(s),

v.

UNITED STATES,

               Defendant(s).

Case No. 2:17-cv-01353-MMD-NJK

**REPORT AND RECOMMENDATION**

Pending before the Court is a Petition to Quash IRS Summons. Docket No. 3. Congress has codified the requirements for serving such a petition:

> If any person begins a proceeding under subparagraph (A) with respect to any summons, not later than the close of the 20-day period referred to in subparagraph (A) such person shall mail by registered or certified mail a copy of the petition to the person summoned and to such office as the Secretary may direct in the notice referred to in subsection (a)(1).

26 U.S.C. § 7609(b)(2)(B). Hence, this section requires a moving party to serve the person summoned by the IRS and on any office designated in the notice provided with the original IRS summons. *See, e.g.*, *Bilan v. United States*, 2011 WL 724971, at *1 (N.D. Cal. Feb. 23, 2011). The failure to properly serve the petition to quash as directed by § 7609(b)(2)(B) is a jurisdictional defect. *See, e.g.*, *Strong v. United States*, 57 F. Supp. 2d 908, 916 (N.D. Cal. 1999).

In this case, the proof of service accompanying the motion to quash identifies Timothy Bauer[1] and Bank of America as having been served. Docket No. 3 at 4. The petition to quash has not attached a copy of the notice and summons, however, making it impossible for the Court to determine if service was effectuated.[2] As such, the Court ordered Petitioner to show cause in writing, no later than July 6, 2017, why the petition should not be denied for lack of service. Docket No. 4. Petitioner did not respond to that order to show cause. Accordingly, the undersigned **RECOMMENDS** that the petition to quash IRS summons be **DISMISSED** for lack of jurisdiction.

Dated: July 10, 2017

_____
NANCY J. KOPPE
UNITED STATES MAGISTRATE JUDGE

## NOTICE

Pursuant to Local Rule IB 3-2 **any objection to this Report and Recommendation must be in writing and filed with the Clerk of the Court within 14 days of service of this document.** The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

---

[1] Although the proof of service does not identify Mr. Bauer's title, the Court takes judicial notice of the fact that the address provided for him is the Las Vegas IRS office according to the IRS website. *See, e.g., Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998-999 (9th Cir. 2010) (courts may take judicial notice of information on government websites).

[2] The motion indicates that it attaches the IRS summons as Exhibit A. *See* Docket No. 3 at 1. No such exhibit was attached.